UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GLORIA MARTINEZ, MILENA SALAZAR, and
WALTER SALAZAR,

                              Case No.: 23-cv-10435

                      Plaintiffs,

                              **COMPLAINT**

        -against-

AMC Entertainment Holdings, Inc., ACS ENTERPRISES,   PLAINTIFFS DEMAND
INC., LUNA CLEANING COMPANY LLC, ANTHONY        A TRIAL BY JURY
FERMIN *individually,* and JUAN CARLOS TREJO
*individually,*

                      Defendants.
------------------------------------------------------------------------X

        Plaintiffs, Gloria Martinez, Milena Salazar, and Walter Salazar, by their attorney, The Rose Law Group, PLLC, upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiffs complain pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay the minimum wage and an overtime premium for hours Defendants required Plaintiffs to report to work, be ready to perform work and actually perform work duties. Plaintiffs seek to recover unpaid back wages, overtime premium, spread of hours pay, and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2. Plaintiffs also claim that they were not provided the proper notices and statements required under New York Labor Law §§ 190 *et seq* and that they were not paid properly.

3. Plaintiff Gloria Martinez complains pursuant to the New York City Human Rights Law ("NYCHRL"), seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being **discriminated against** and **retaliated against** on the basis of her **disability, perceived disability** and **protected activities**.

4. Plaintiff Milena Martinez and Plaintiff Walter Salazar also complain of third party retaliation pursuant to the NYCHRL as they were terminated along with Plaintiff Gloria Martinez due to her protected activity and disability/perceived disability.

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

6. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

7. Venue is proper in this district based upon Defendants' residency within New York County, State of New York, within the Southern District of New York. 28 U.S.C. § 1391(b).

## PARTIES

8. That at all times relevant hereto, Plaintiff Gloria Martinez ("Gloria") was employed by Defendants within Staten Island, New York.

9. That at all times relevant hereto, Plaintiff Milena Salazar ("Milena") was employed by Defendants within Staten Island, New York.

10. That at all times relevant hereto, Plaintiff Walter Salazar ("Walter") was employed by Defendants within Staten Island, New York.

11. Plaintiffs were, during all relevant times, employees of Defendants.

12. That at all times relevant hereto, Defendant AMC Entertainment Holdings, Inc. ("AMC") was and is a foreign business corporation existing pursuant to the laws of the State of Delaware and authorized to do business within the State of New York.

13. That at all times relevant hereto, Defendant AMC Entertainment Holdings, Inc. ("AMC") does business in the State of New York with a location at 2655 Richmond Ave, Staten Island, NY 10314.

14. That at all times relevant hereto, Defendant ACS Enterprises, Inc. ("ACS") was and is a corporation existing pursuant to the laws of the State of California and not authorized to do business within the State of New York.

15. That at all times relevant hereto, Defendant Anthony Fermin was an owner and manager of Defendant ACS.

16. That at all times relevant hereto, Defendant Luna Cleaning Company ("Luna") was and is a corporation existing pursuant to the laws of the State of New York and authorized to do business within the State of New York.

17. That at all times relevant hereto, Defendant Juan Carlos Trejo was an owner and manager of Defendant Luna

18. Defendant AMC, ACS Enterprise, Luna Cleaning Company, Anthony Fermin, and Juan Carlos Trejo are referred to herein as "Defendants".

19. Defendants worked together to hire, manage, schedule, compensate, supervise and ultimately terminate Plaintiffs. Defendant AMC would assign work and their employees could supervise and assign work to the Plaintiffs. Defendants ACS and Luna would schedule and pay Plaintiffs.

20. Defendants worked together as joint employers and/or a single enterprise throughout Plaintiffs' time working for them.

## MATERIAL FACTS

21. Defendants ACS and Luna operate cleaning services for Defendant AMC located at 2655 Richmond Ave, Staten Island, NY 10314.

22. Defendant AMC's manager instructed Defendant Fermin to hire, manage, schedule, compensate, and supervise Plaintiffs.

23. Defendant Fermin instructed Defendant Juan to hire, manage, schedule, compensate, supervise and ultimately terminate Plaintiffs.

24. Plaintiffs Gloria, Milena, and Walter were hired by Defendants on August 1, 2021 as cleaners of the AMC Theater.

25. Throughout Plaintiffs' employment, their work product was excellent.

26. Defendant AMC and Defendant Lopez provided Plaintiffs with cleaning equipment.

27. Plaintiffs were scheduled to work seven (7) days.

28. Plaintiffs, throughout their employment, were required to arrive to work at the end of the theaters last movie. This could be any time between midnight and 2:00 am.

29. Plaintiffs worked between seven (7) to nine (9) hours each day, from 2:00 am until 9:00 am, sometimes not finishing their work until 11:00 am. Plaintiffs would work approximately forty-nine (49) to sixty-three (63) hours each week. On average, Plaintiffs worked fifty-six (56) hours a week.

30. From August 1, 2021 to September 7, 2022, Defendants paid all Plaintiffs $1,140 biweekly, meaning they each got paid $570 per week, or $10.18 per hour without any overtime premium.

31. Beginning on September 7, 2022, Plaintiffs were paid $1,000 biweekly, meaning they each made $500 per week, or $8.93 per hour without any overtime premium.

32. Defendants never provided any wage statements, wage notices, or other documentation required by law.

33. Defendants paid Plaintiffs a flat weekly rate without complying with any of the employment laws and labor laws.

34. On April 3, 2023, while Plaintiff Gloria was cleaning the Defendant AMC's bathroom she slipped on the wet floor injuring her back, neck, and shoulders.

35. Plaintiff Milena immediately took Plaintiff Gloria to the hospital.

36. On April 4, 2023, Plaintiffs contacted Defendant Juan regarding their return to work and their pay for the days they worked.

37. Defendant Juan did not ask Plaintiffs to return to work, instead sending each Plaintiff $200, stating it was their "deposit."

38. Plaintiffs have lost pay to which they are entitled under the FLSA and NYLL and have been damaged by Defendants terminating their employment in violation of the NYCHRL.

39. Defendants are and were employers under the FLSA and NYLL as they control the work performed by individuals who suffered under their violation of the law, made the decision to specifically violate the law and have an ownership stake in the company. As such, Defendants are jointly and severally liable for the wage and hour violations detailed herein.

40. Plaintiffs were not provided accurate and truthful wage statements and notices which complied with New York Labor Law § 190 *et seq* during their employment.

41. Plaintiff Milena and Walter were terminated due to Plaintiff Gloria's becoming disabled and in retaliation for her requesting reasonable accommodation for the recovery time necessary for those injuries.

42. As a result of the acts and conduct complained of herein, Plaintiffs have suffered a loss of income, bonus, benefits, and other compensation which such employment entails, and Plaintiffs are also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

44. Defendants willfully employed Plaintiffs in the afore-mentioned enterprise and failed to compensate Plaintiffs for all hours worked during their employment.

45. The average hourly rate for Plaintiffs was below the minimum wage when considering the numerous hours worked each week.

46. Defendants also failed to provide the overtime premium rate of one and a half times their regular hourly rate as is required by the FLSA.

47. Defendants' failure to comply with the FLSA caused Plaintiffs to suffer loss of wages and other damages as described and demanded herein.

48. Defendants acted willfully in failing to properly compensate Plaintiffs.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW

49. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

50. Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

51. Defendants failed to pay Plaintiffs at least the minimum wage for all time worked.

52. Defendants' failure to comply with the New York Labor Law minimum wage protections caused Plaintiffs to suffer loss of wages and interest thereon.

53. Defendants' failure to pay proper wages for each hour worked was willful.

54. Defendants also failed to pay overtime pay as is required by the New York Labor Law.

55. Defendants failed to pay spread of hours pay for all shifts which were at least ten (10) hours as required by the New York Labor Law.

56. On account of such violations, Defendants are liable to Plaintiffs for actual, statutory and liquidated damages.

### AS A THIRD CAUSE OF ACTION FOR
### VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

57. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

58. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

59. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

60. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION AND RETALIATION
### <u>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>

61. Plaintiffs repeat and reallege each and every paragraph above as if said paragraphs were more fully set forth herein at length.

62. The Administrative Code of City of New York §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the **actual or perceived** age, race, creed, color, national origin, gender, **disability,** marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by discriminating against Plaintiff Gloria because of her disability

64. Defendants engaged in an unlawful discriminatory practice in violation of the NYCHRL by discriminating against Plaintiff Milena and Plaintiff Walter due to their association with someone who had been diagnosed with the disability.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### <u>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>

65. Plaintiffs repeat and reallege each and every paragraph above as if said paragraphs were more fully set forth herein at length.

66. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

67. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiffs due to Plaintiff Gloria's requesting reasonable accommodation of time off due to her disability.

## JURY DEMAND

Plaintiffs demand a trial by jury.

**WHEREFORE,** Plaintiffs respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the NYCHRL by discriminating against and retaliating against Plaintiffs;

B. Declaring that Defendants' policies and procedures violate the FLSA, NYLL, and NYCHRL;

C. Awarding damages to the Plaintiffs for all lost wages and benefits resulting from Defendants' unlawful termination and to otherwise make their whole for any losses suffered as a result of such unlawful employment practice;

D. Awarding Plaintiffs compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

E. Awarding Plaintiffs damages jointly and severally against all Defendants for their violations of the minimum wage, overtime, and prevailing wage provisions;

F. Awarding Plaintiffs statutory damages for Defendants' failure to comply with the NYLL;

G. Awarding Plaintiffs punitive and liquidated damages;

H. Awarding Plaintiffs attorney's fees, costs, and expenses incurred in the prosecution of the action;

I. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Astoria, New York
November 29, 2023

                                                  /s/Jesse C. Rose
                                          Jesse C. Rose
                                          The Rose Law Group PLLC
                                          3272 Steinway St; Suite 503
                                          Astoria, New York 11103
                                          (718)989-1864
                                          JRose@theroselawgroup.com